# Supreme Court of Texas

No. 22-1085

Mary Alice Keyes and Sean Leo Nadeau,

*Petitioners,*

v.

David Weller and IntegriTech Advisors, LLC,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE BUSBY, concurring.

I agree with the Court that Section 21.223 of the Texas Business Organizations Code does not limit the direct liability of a shareholder for his own tortious acts committed as a corporate officer or agent. I therefore join its opinion.

The Court quite properly does not address under what circumstances Section 21.223 would limit the direct liability of a shareholder for tortious acts *not* committed as a corporate officer or agent—an issue neither briefed by the parties nor before us in this case. I write to observe that courts and counsel must consult the statutory

text and parts of the Court's opinion to guide a proper analysis of that issue in future cases.

For example, the Court explains that Section 21.223 was enacted and expanded to limit the use of common-law veil-piercing theories that rendered shareholders vicariously liable for corporate debts. *Ante* at 7-9, 14-17. If a shareholder invokes this statute to limit his direct liability for his own tortious acts, then a relevant question will be one the Court expressly does not decide here: whether the statute, in light of its language and history, "applies to non-veil-piercing theories of liability." *Id.* at 16 n.15.

In addition, and independent of the answer to that question, it is important to keep in mind that the statute's plain text gives no significance to the defendant's role—that is, the capacity in which he acts—when committing the tort alleged. As the Court explains, the statute's application initially turns on whether the defendant *is* "[a] holder of shares," not whether the defendant *acts* as a holder rather than as a corporate officer, employee, or other agent. TEX. BUS. ORGS. CODE § 21.223(a); *ante* at 13-14. Because the statute does not say anything at all about which "hat" the defendant shareholder wears, his role or capacity has no relevance in determining whether the statute applies.

Instead, one important limitation on the statute's scope is that it applies only if the plaintiff seeks to hold the shareholder defendant liable for a "contractual obligation of the corporation or any matter relating to or arising from the obligation." TEX. BUS. ORGS. CODE § 21.223(a)(2); *ante* at 14. Thus, as the Court holds, the statute limits a defendant's liability relating to a corporate contractual obligation but

2

not the defendant's liability for his own individual misconduct. *Ante* at 16-17. Accordingly, when a shareholder invokes this statute to limit his liability, another relevant question will be—as the Court's opinion and Justice Bland's concurrence note—whether that particular liability relates to a corporate contractual obligation or is simply direct liability for his own tortious acts. *Id.* at 16-17 & n.15; *see also post* at 5 (Bland, J., concurring).

With these additional observations, I join the opinion of the Court.

J. Brett Busby
Justice

**OPINION FILED:** June 28, 2024

3